WILLIAM A. PATTERSON, Appellant, *v.* JACOB KREIG, Appellee.

### APPEAL FROM HANCOCK.

In all alienations of the homestead, whether by deed of bargain and sale, or by mortgage, the wife must execute and acknowledge a release of the homestead right. This is made a condition to the validity of such alienations by the homestead law of 1857.

ON the 8th day of October, 1860, William A. Patterson filed his declaration in ejectment against Jacob Kreig in the usual form, to recover possession of the north half of the south-east quarter of Section 16, in Township 5 north, Range 6 west, in Hancock county, Illinois, which said declaration was duly served on defendant on the 24th day of September, 1860.

Plea, not guilty.

On the 12th day of March, 1861, issue being joined and jury waived by the parties, the cause was submitted to the court, SIBLEY, Judge, for trial; upon which trial, the court found the issues for the defendant, and gave judgment for costs against the plaintiff, and ordered that a bill of exceptions be signed and filed by the first day of the next term of said court.

The plaintiff prayed an appeal, which was allowed on his entering into bond.

On the trial of the cause, the defendant, Kreig, admitted

that he was in possession of the premises at the time of the service of the declaration, and of trial of the cause, and admitted the execution of the note accompanying the mortgage for $1,037.80. Plaintiff read in evidence a mortgage from the defendant, Jacob Kreig, and Jane Kreig, his wife, to plaintiff and one Jacob Sholl, dated February the 25th, 1859, for the premises, to secure the payment of the above named note for $1,037.80, by which said mortgage the said Jacob and Jane Kreig bargained, sold and conveyed the premises in question to said plaintiff and said Jacob Sholl, with all the appurtenances thereunto belonging or in anywise appertaining, with a general warranty of title. Which said mortgage deed was, upon condition that if said Jacob Kreig and Jane Kreig paid to said plaintiff and said Sholl, the full amount of said note of $1,037.80, on or before the 1st day of September, 1859, said mortgage deed should become void, and the estate thereby granted, to cease—otherwise, to be and remain in full force and effect; which said mortgage was duly signed and acknowledged by said Jacob Kreig and Jane Kreig.

Plaintiff read in evidence the note accompanying said mortgage for $1,037.80, and a deed from Jacob Sholl and William A. Patterson for the premises in question, dated the 24th day of September, 1860, and proved by B. F. Peterson, a witness sworn in the case, that the deed was executed by Jacob Sholl before the declaration in this case was served on the defendant.

The plaintiff admitted that said defendant, Jacob Kreig, at the time of the execution of the mortgage, was the owner of the premises in question and a householder and the head of a family, consisting of a wife and children, and living upon and occupying said premises as a homestead, and still was and had continued to be the owner of said premises (subject only to said mortgage deed), and to reside upon and occupy said premises with his family as his homestead; which was all the evidence offered in the case.

To which finding of the court of the issues in this case for the defendant, and rendering judgment for costs against the plaintiff, the plaintiff excepted.

The errors assigned are:

That the court erred in finding the issues for the defendant, and rendering judgment against the plaintiff for costs.

The court erred in not finding the issues in the case for the plaintiff, and rendering judgment against the defendant.

The judgment of the court was against the law and evidence in the case.

MACK & DRAPER, for Appellant.

The defendant sets up the right of homestead exemption under the homestead law, as a defense to this suit.

The homestead act makes no provision for setting up the right of homestead exemption, under the statute, as a defense against an action in ejectment.

The homestead act is against the policy of the common law, and should be construed strictly. Sedgwick on Stat. and Const. Law, 314.

It is a rule for construing statutes that the naming of one thing is the exclusion of another. 13 Ill. 546; Dwarris on Stat. 714; 5 East, 478; 4 Price, 78.

This statute specifies that the right of homestead exemption may be claimed in cases of levy and forced sale, under an order of court; and by rule of construction, excludes the defense in all other cases.

The legislature only intended to give the right of homestead exemption in cases of levy and forced sale, under an order or decree of court. *Ely* v. *Eastwood*, 26 Ill. 107; *Smith* v. *Marc*, 26 Ill. 150.

The defendant failed to show that the mortgage debt was not incurred for the purchase-money, or improvement of the land. *Kitchel* v. *Burgwin and Wife*, 21 Ill. 40.

An absolute deed will convey the homestead without any express homestead release. *Getzler* v. *Lavoni*, 18 Ill. 511.

As between the mortgagor and the mortgagee, the mortgage conveys the legal estate, and for the purposes of this suit is of equal dignity with an absolute deed. The mortgagee is a mere tenant at will, and his estate is simply an equity of redemption. 1 N. H. 333; 1 Hilyard on Mort. 2; 3 Pick. 204;

10 Met. 471; 1 N. H. 171; 2 N. H. 16; 5 Met. 3; 5 Cush. 123.

The statute of 1853 (Purple's Ill. Stat. 167,) cures all informalities or omissions in the mortgage, acknowledgment, failure to name the homestead or otherwise, if the deed is made in good faith, with the intention of conveying the homestead.

The wife has no right of homestead exemption during the lifetime of the husband. *Getzler* v. *Lavoni,* 18 Ill. 511. And is not a party to this suit.

The homestead acts give no estate to the husband, but simply a right to claim that his homestead is exempt from the payment of a certain class of debts; and he can claim no such right until the contingency of levy and forced sale under an order or decree of court arises. The lot of ground which the householder occupies as a homestead is one thing, and the right to claim its exemption from the payment of debts is another. The legislature did not intend to incumber the transfer of the first with the homestead release, or until the wife gave her consent; but simply intended to incumber the right to waive or release the right of exemption from the payment of debts in the cases named in the statute, until the wife gave her consent. But a deed or mortgage which conveys the fee, necessarily carries with it all minor estates or claims upon the land.

SCOFIELD & MANIER, for Appellee.

The defendant below defended under the homestead laws of 1851 and 1857. (Stat. 1858, pp. 586, 587.) The plaintiff contends that the homestead laws are to be strictly construed, and will not protect against an ejectment for the recovery of mortgaged premises, although it will from an order of sale on foreclosure. If this be so, then all the benefits intended to be secured to the debtor and his family, and the manifest object of the legislature, may be frustrated. If the creditor may eject the debtor and his family, and come into possession of the homestead, the former decisions of this court, holding the homestead exempt from sale on foreclosure, are, for all practical purposes, of no benefit to the debtor, as the creditor may,

after recovery in ejectment, foreclose the equity of redemption and sell it, and even if he could not, the law ceases to be any present protection.

We urge that this law is remedial and entitled to a liberal construction, to effectuate the object intended by the legislature. 25 Ill. 610; 23 Ill. 542.

The waiver of the right in both husband and wife must be express, and will not be implied against either by general or special covenants, but the waiver may be in the mortgage. 21 Ill. 40; 23 Ill. 536.

The cases of *Ely* v. *Eastwood*, 26 Ill. 107, and *Smith* v. *Gore*, 26 Ill. 150, have no application here, because those cases were decided under the law of 1851, without reference to the law of 1857, which makes the "signature and acknowledgment" of the wife a condition to the alienation of the homestead; and for the further reason, that in those cases the creditor was not invoking the process or order of any court, but simply pursuing his rights under a power of sale—making the cases analogous to a sale by an attorney in fact, under a power of attorney, in which case, the act of the attorney or trustee is the act of the principal, and as a conveyance, would bind him and those claiming under him. Since the act of 1857, the wife's rights are not held under her husband, but by the law, the same as the husband himself.

To present the question properly before this court, the appellant should have moved for a new trial in the court below, and on refusal to grant the same, have excepted.

CATON, C. J. This was an action of ejectment, upon a mortgage executed by the husband and wife upon the homestead, without any release or waiver of the homestead right, and the question is, can the homestead right be claimed in an action of ejectment? It would undoubtedly be very difficult to do this under the law of 1851. That law only exempted the homestead from levy and forced sale, and the first section provides, "And no release or waiver of such exemption shall be valid, unless the same shall be in writing, subscribed by such householder, and acknowledged in the same

manner as conveyances of real estate are required to be acknowledged." Thus the law remained, until it was amended in 1857, as follows: "That the first section of 'An Act to exempt homesteads from sale on execution,' approved February 11, 1851, be amended by inserting after the words, 'subscribed by such householder,' the words, 'and his wife, if he has one,' it being the object of this act to require, in all cases, the signature and acknowledgment of the wife, as conditions to the alienation of the homestead." This amendment does something more than merely make it necessary for the wife to join in the release of the homestead right. It goes further, and cuts up by the roots all alienations of the homestead, in which she does not sign and acknowledge a release of the homestead right. This is made a condition to the validity of all alienations of the homestead, whether by deed of bargain and sale, or mortgage. There was no such release of the homestead right signed and acknowledged by the wife, accompanying this mortgage, and without that, this statute, in substance, declares it to be invalid, and this reduces the case to the simple question, can the plaintiff recover upon an invalid conveyance? This question is so easy, that it answers itself. By annexing this condition, the legislature determined that it should not be binding in law without it, and consequently it creates no rights as a conveyance, and it is only as a conveyance that the plaintiff treats it when he attempts to recover upon it in ejectment.

The judgment must be affirmed.

*Judgment affirmed.*