## Thomas Connor

*v.*

## Israel T. Nichols.

1. EJECTMENT — *homestead.* Setting up the homestead right in an action of ejectment, defeats the claim to recover the possession.

2. HOMESTEAD — *deed of trust — release.* A deed of trust executed by a householder and his wife, confers no right to the possession of the homestead, unless the wife expressly release such right.

APPEAL from the Superior Court of Chicago, the Hon. John M. Wilson, Chief Justice, presiding.

This was an action of ejectment instituted in the court below, by Israel T. Nichols against Thomas Connor, to recover the possession of certain premises in the city of Chicago.

The defendant interposed the plea of not guilty, and the issue was tried by the court, without the intervention of a jury.

The plaintiff derived title through a deed of trust upon the premises in controversy, executed on the 14th of October, 1858, by the defendant, Thomas Connor, and Mary A. Connor, his wife, to Henry Greenebaum, to secure the payment of a certain note therein described.

The only question arising upon the record was, whether the homestead right of the defendant, Connor, which was interposed as a defense in the suit, was released by the deed of trust.

There were no words of release of the homestead in the body of the deed.

The acknowledgment was in the usual form, the officer certifying that said Connor and wife acknowledged the said deed as their free and voluntary act, for the uses and purposes therein set forth, and as to the wife, " that she had freely and voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned, without compulsion of her said husband, and that she does not wish to retract the same."

By stipulation, which is set forth in the opinion of the court, it appeared that at the time of making the deed of trust, the right of homestead existed in the defendant.

The court below found the issue for the plaintiff, Nichols. The defendant moved for a new trial, upon the ground that the finding should have been in his favor; which motion was overruled, and a judgment was entered in pursuance of the finding of the court. From that judgment, Connor, the defendant below prayed this appeal, and assigns for error, that the court erred in not finding that he was entitled to a homestead in the premises in controversy.

Messrs. BARKER & TULEY, for the appellant.

Under the act of February 17, 1857, amendatory of the homestead act of 1851, it is essential, to pass the homestead

right by deed of trust, that there should be a release of that right, and a proper acknowledgment. *Moore* v. *Dunning*, 29 Ill. 130; *Vanzant* v. *Vanzant*, 23 Ill. 536. It is also intimated, in *Ely et al.* v. *Eastwood et ux.*, 26 Ill. 107, that the act of 1857 applies to alienations by deed of trust; and in *Smith* v. *Marc*, 26 Ill. 150.

The deed of trust, not being sufficient to pass the right of homestead, is absolutely void. The condition to the alienation of the homestead, is a condition precedent to the passing of any estate whatever. Smith's Real Property, 44. See also, *Taylor* v. *Hargons*, 4 Cal. R. 268; *In re Buchanan's Estate*, 8 ib. 507; *Poole* v. *Gerrard*, 6 ib. 72; *Richards* v. *Chace*, 2 Gray (Mass.) R. 383; *Williams et al.* v. *Starr et al.*, 5 Wisconsin R. 535; *Alley* v. *Bay et al.*, 9 Iowa R. 509.

But even if the deed be good for the excess over $1,000, the plaintiff cannot recover that excess in ejectment; he can take nothing in this action. *Cook et al.* v. *Christian*, 4 Cal. R. 23; *Gary* v. *Estabrook*, 6 Cal. R. 459.

The homestead being established, and no proof of its value, the presumption is, that the premises are *all* of the homestead. *Rhodes, Pegram & Co.* v. *McCormick*, 4 Iowa R. 368.

Mr. ELLIOTT ANTHONY, for the appellee.

The homestead act, being in derogation of the common law, must be strictly construed.

There are three pre-requisites to the existence of the homestead right at all: *First*, it must be a "lot of ground and buildings thereon occupied as a residence." *Second*, it must be "owned by the debtor," who is "a householder," and "having a family." *Third*, "to the value of one thousand dollars," that is, it must not exceed that value.

The *value* is as much a matter of description as either of the other pre-requisites. *Beechy* v. *Baldy*, 7 Mich. 501.

The acts of 1851 and 1857 should be construed together, and thus can be held to apply to cases of levy and forced sales. A sale by the trustee under the power given in the deed, is not a "forced sale," and therefore not within the acts.

To entitle the debtor to the benefits of these acts, he should make his selection, so far as the law has provided a mode of selection; and if none is provided, he should resort to a court of equity. *Helfenstein* v. *Cove,* 6 Iowa, 376; *Kitchell* v. *Burgwin,* 21 Ill. 45; 7 Mich. R. 509; 38 N. Hamp. R. 72.

But if the right of homestead still exists in the grantors in this deed of trust, it does not follow that the deed is therefore void, only as to the value of $1,000; the deed is at least good for the excess. 7 Mich. R. 500; 6 Iowa R. 376; *Sargeant* v. *Wilson,* 5 Cal. R. 506; *Dorsey* v. *McFarland,* 6 Cal. R. 346; *Bevalk* v. *Kraemer,* 8 Cal. R. 74; *Barnes* v. *Gay,* 7 Iowa R. 31; *Davis et ux.* v. *Andrews,* 30 Vt. R. 681.

Now if there is no legal disability upon the part of the husband and wife to sell their property, and the statute and law of the land does not absolutely prohibit a husband and wife from selling their homestead, and *if* they do sell, or if they stand by while the land is sold by others, with their knowledge, then by all the laws of right and justice, they should be *estopped* to set up title to the land thus sold and conveyed. *Snodgrass* v. *Ricketts,* 13 Cal. 359; *Cochran* v. *Harrow,* 22 Ill. 345; 5 Clarke, 415; 20 Texas, 639.

One who knowingly stands by and permits another to purchase, and *a fortiori,* one who misleads and induces another to purchase, should not be allowed to set up an opposing equity, nor take advantage of the legal title by which it is supported. *Blackwood* v. *Jones,* 4 Johns. Eq. (N. C.) 54; *Morris Canal & C. Co.* v. *Lewis,* 1 Beasley, (N. J.) 323; 14 La. Ann. R. 175.

If a man stands by, and suffers another to purchase land to which he has a mortgage or title, without making the facts known to the purchaser, he will be estopped in equity from exercising his legal right. *Cochran* v. *Harrow,* 22 Ill. 345.

Parties are estopped by the recitals in their deed. *Byrne* v. *Morehouse,* 22 Ill. 604; 8 Wend. 483.

Mr. MELVILLE W. FULLER, for the appellant, did not think it necessary to hold the deed void for want of a release of the homestead: upon this point he differed with his associate

counsel; he was of opinion, from the language of this court, in the cases of *Young* v. *Graff*, 28 Ill. 20, and *Moore* v. *Dunning*, 29 Ill. 130, that it would be held, in a proper case, that such a deed would convey the property, contingent upon the termination of the homestead right by efflux of time.

He insisted that the amendatory act of 1857, embraces all sales, whether forced or voluntary, and that there was no release of the homestead in this deed, as none appeared, either in the body of the deed, or in the certificate of acknowledgment.

The homestead right is a full bar in ejectment, even though the premises are of value exceeding one thousand dollars. No recovery can be had in ejectment for the excess, for "there are no means of identifying and distinguishing what part passes and what does not." *Richards* v. *Chase*, 2 Gray, 383.

Mr. JUSTICE BREESE delivered the opinion of the Court.

This was an action of ejectment to recover the possession of certain premises in the city of Chicago.

On the trial this stipulation was entered into :

" It is hereby stipulated and agreed by the parties hereto, by their respective counsel, and admitted on behalf of said plaintiff, for the purposes of this suit, that the real estate in question in this suit, and the buildings thereon, were, in A. D. 1852, and from thence hitherto have been, and still are occupied as a residence, by the defendant, Thomas Connor, and owned by him, [unless affected by the trust deed in this case,] and that he, said defendant, is a householder, and has a family, consisting of a wife and children, now living, and that he and his said family are and have been, since A. D. 1852, occupying said premises as a householder. And it is further hereby stipulated and agreed, that the debt which the trust deed in this case, and under which the plaintiff claims title, was given to secure, was not incurred for the purchase or improvement of the premises described in the plaintiff's declaration, or any part thereof."

This stipulation brings the case within the principle decided in *Patterson* v. *Kreig*, 29 Ill. 514, and re-affirmed in *Pardee* v. *Lindley*, and *Hoskins* v. *Litchfield*, *Smith* v. *Miller*, and *Boyd* v. *Cudderback*, decided at this term. It is unnecessary to reiterate the argument in those cases. They go to the full extent of holding, that setting up the homestead in an action of ejectment, defeats the claim to recover the possession. By ousting the wife, who has not released her right of homestead, the very object and purpose of the law would be defeated. The trust deed, without the wife's express release, conferred no right of possession, and the judgment should have been for the defendant. The judgment is reversed, and the cause remanded.

*Judgment reversed.*