# VALENTINE H. MARSHALL *et al.*

## *v.*

## ELIJAH BARR.

1. HOMESTEAD — *wife must join in the deed.* Since the amendatory act of 1857, it is essential to the validity of a release of the homestead right in a deed of bargain and sale, that the wife should join in the deed.

2. SAME — *deed inoperative, if homestead not released.* A conveyance by the husband alone, would be so far inoperative that his grantee could not recover in ejectment against him upon such a deed.

3. EJECTMENT — *plaintiff must recover on the strength of his own title.* A plaintiff in ejectment must recover, if at all, upon the strength of his own title, and not upon the weakness of the defendant's.

APPEAL from the Circuit Court of Warren county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of ejectment instituted in the court below by Elijah Barr against Valentine H. Marshall and James Dickson, for the recovery of the northeast quarter of section twenty-one, in township eight, north of range one west of the fourth principal meridian, situate in Warren county. By agreement, the cause was submitted to the court for trial.

The plaintiff relied upon, and offered in evidence, a deed for the premises, from the defendant Marshall to him, dated May 2, 1860. The defendants objected to this deed being admitted in evidence, but the objection was overruled, and exception taken.

*Hiram Straw* testified, on behalf of the plaintiff, that defendant Dickson was in possession as a tenant, having rented the premises from the wife of his co-defendant, Marshall. That Marshall had been absent from home about two years.

*William Snapp*, on behalf of the defendants, testified: Long before the execution of the deed from Marshall to Barr, the defendant was a married man. At and before the time said deed was executed, said Marshall had a wife, and children under the age of twenty-one years, and residing with the same.

At the time of the execution of the deed, said Marshall, with his wife and children, was living on the premises in controversy, as his residence and homestead. That about two years since, Marshall absented himself, and ever since then, his wife and children have been living and are now living on said premises, and occupying the same as their residence and homestead; and that the youngest child of said Marshall is not yet twenty-one years of age. That there was a dwelling house on said premises, at the time said deed was executed, and has been ever since; and which said dwelling house was then, and has ever since been, and is now, occupied by said Marshall's family as their residence and homestead.

This evidence was introduced for the purpose of claiming the land by virtue of the homestead law. To the introduction of which, for that purpose, the plaintiff's counsel objected. The court sustained said objection, and excluded said testimony, to which defendant excepted.

The defendant then offered in evidence the original bill and answer in a cause pending in the Warren county Circuit Court in chancery, wherein P. Henry Baker *et al.* were complainants, and Valentine H. Marshall, Elijah Barr and others were defendants.

The bill alleges, among other things, the commencement of suit by attachment against the defendant, Valentine H. Marshall, by the complainants, and the recovery of judgment in those suits, and that the deed to Elijah Barr was intended merely as security, and was, in fact, a mortgage only.

The answer of Elijah Barr admits that the said deed was made by said Marshall, to secure the payment of certain promissory notes, attached to the answer, as exhibits, and that the real and actual amount of money paid by the said Marshall to said Barr, at the time of the execution of said deed, was $543.54.

To the introduction of which, as evidence which was offered for the purpose of setting up the claim by virtue of the homestead law, the plaintiff, by his counsel, then and there objected. The court sustained the objection, excluded the same as evidence, and defendant excepted.

The court found the issue for the plaintiff. A motion for a new trial was overruled, and judgment entered upon the finding. The defendants thereupon took this appeal. The question presented by the assignment of errors is, whether the plaintiff could recover under his deed from Marshall, his wife not having joined therein, and the premises being their homestead.

Mr. E. S. SMITH, for the appellant.

Mr. A. G. KIRKPATRICK, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This court has held in more than one case, in giving a construction to the homestead act as amended, that it is necessary to the validity of the release of the right to claim the benefits of the act, that the wife should join in the deed. *Patterson* v. *Kreig*, 29 Ill. 514; *Best* v. *Allen*, 30 id. 30. The deed relied upon for a recovery in this case was executed in 1860; consequently, is governed by the amendatory act of 1857, and was executed by appellant alone, without his wife. The land in controversy was then and still continues to be the homestead of appellant and his family. This, then, brings this case fully within those decisions, in the former of which it was held, that the amendatory act prevents the alienation of the homestead unless the wife signs and acknowledges the release of the homestead, whether it be by deed of bargain and sale, or by mortgage. And the deed being inoperative, for the want of the wife's release, a recovery in ejectment could not be had against the grantor.

A plaintiff in ejectment must recover, if at all, upon the strength of his own title, and not upon the weakness of the defendant's. In this case appellee acquired no operative title by his deed from appellant, and it was upon this instrument alone that a recovery was sought. In such a case it could make no difference whether appellant had any title, as the homestead was relied upon to defeat a recovery. The

question of title would not arise until appellee produced a title under which he could recover, if not overcome by a better title.

The motion for a new trial should, therefore, have been allowed, and the judgment must be reversed.

*Judgment reversed.*