EDWARD GIRZI AND ISORA M. VOELKER v. SAMUEL CAREY.

*Lien on homestead — Wife's consent necessary — Parties.*

A lien for anything but purchase money cannot be established on a homestead worth no more than $1500 and held by a man and his wife, if the wife does not sign the instrument declaring the lien; and in any case a bill to establish it would not lie without making the wife a party.

Appeal from Marquette. (Grant, J.) Apr. 15.—Apr. 23.

BILL to enforce lien. Defendant appeals. Dismissed.

*E. E. Osborn* for complainant. There may be a homestead in a house built on land leased or held under a land contract: *Conklin v. Foster* 57 Ill. 104; *Pelan v. De Bevard* 13 Iowa 53; *McKee v. Wilcox* 11 Mich. 358; *Bunker v. Paquette* 37 Mich. 79.

*John Q. Adams* for appellant. A homestead cannot be divided: *Amphlett v. Hibbard* 29 Mich. 298.

SHERWOOD, J. The defendant owned a lot in the city of Negaunee, and agreed with one Belheumer to erect and complete a house thereon except painting and mason work. In pursuance of the contract the house was built and accepted by the defendant, and thereafter occupied by him as his home. When defendant moved into the house about $800 had been paid to the builder, leaving a balance due of about $800 upon the contract to Belheumer, which he assigned to

the complainants. To secure the payment of this sum the defendant gave the following instrument to the complainants:

"Whereas, I, Samuel Carey, of the city of Negaunee and State of Michigan, am indebted to Edward Girzikowsky and Isora M. Voelker, copartners, of the city of Negaunee, in said county, in the sum of eight hundred and eighty-five dollars, being the amount remaining unpaid upon a certain contract, not in writing, heretofore made between said Samuel Carey and Mitchell C. Belheumer, of the city of Negaunee, by the terms of which said Belheumer agreed to build a certain frame dwelling-house for said Carey for the sum of sixteen hundred dollars, to be completed, ready for occupancy so far as the carpenter-work was concerned, and to furnish all the material for the same, for all of which said materials, and the building of said dwelling-house, the said Samuel Carey agreed to pay to said Mitchell C. Belheumer the sum of twelve dollars per month until the sum due for the work and materials as furnished, as aforesaid, is fully paid; and

Whereas, the said Girzikowsky and Voelker have purchased said indebtedness and claim against said Carey and are now the owners thereof; and whereas, the said Girzikowsky and Voelker desire the said claim and indebtedness. shall be and constitute a lien upon said dwelling-house and the lot upon which said dwelling-house stands:

Now, therefore, know all men by these presents: That I, the said Samuel Carey, in consideration of the premises, hereby agree that the said sum of eight hundred and eighty-five dollars shall be and constitute a lien upon said dwelling-house and lot until fully paid, in accordance with the terms of the said agreement with the said M. C. Belheumer.

It is mutually understood and agreed by and between the parties hereto, that in case the said Samuel Carey shall pay said indebtedness within one year from the date hereof, then, and in that event, said Carey shall be entitled to a deduction of seven per cent. on the whole amount now remaining unpaid. It is also mutually understood and expressly agreed that in case the said Samuel Carey shall not pay said sum of eight hundred and eighty-five dollars within one year from the date hereof, then, and in such event, the said Samuel Carey shall, from and after one year from the date hereof, pay to said Girzikowsky and Voelker an annual interest of seven per cent. on the amount remaining unpaid and due, from and after one year from the date hereof.

In witness whereof, the parties have hereunto set their hands and seals this 11th day of December, A. D. 1874."

This instrument was signed and duly acknowledged by the parties, and recorded in the office of register of deeds of Negaunee county. After the money became due according to the terms of the instrument, and not being paid, the complainants filed their bill of complaint to enforce the lien upon the lot and house created under the agreement, and foreclose the same by sale of the property.

The defendant filed a plea to the bill, setting forth that defendant, at the time of executing the instrument under which the lien is claimed, was a married man, and owned and lived in the house with his wife, and ever since had so occupied the same with his wife, and that they had always occupied the same as their homestead, and that the same was not worth over $1500; that his wife did not sign the paper writing under which the lien is claimed; neither was the indebtedness claimed for purchase money of said property, which consisted of one lot in the city of Negaunee, and for these reasons the instrument is void so far as it is sought to create a lien upon the premises. Also, that the defendant's wife is a necessary party, and for that reason this suit cannot be maintained. General replication was filed to this plea, and evidence was taken substantially sustaining the facts stated therein, clearly showing the homestead character of the property and the wife's interest therein. These are the material facts raised by the plea. It is conceded that if they are proved the wife is a proper party to the proceeding, and the bill cannot be maintained. That proof has been made.

The other questions raised are not properly before us upon this record, and cannot be considered.

The bill must therefore be dismissed with costs.

The other Justices concurred.