## MARY C. CLEAVER v. EDWARD BIGELOW.

*Ejectment—A possessory action—Wife a necessary party if homestead right is involved—So held under circumstances detailed in head-note 1—Tenant in common—In possession, claiming his interest in fee, may claim homestead exemption—To that extent his wife is equally interested.*

61　47
61　520
64　328

78　245

61　47
83　197

61　47
85　328

61　47
93　481

61　47
115　179

1. The defendant in an ejectment suit, and his wife, were in the possession of the land, claiming it as their homestead—it being within the constitutional limits as to acreage and value—under a warranty deed executed to the husband, who purchased the land in good faith and for a valuable consideration, and claimed to own the same in *fee;* of which facts the plaintiff and his counsel had notice when suit was brought.

    *Held,* that under such circumstances the wife was a necessary party, and should have been made a defendant with her husband.

    *Held,* further, that the action of ejectment is a *possessory* one; and whether the husband or wife owned the land in question in *fee* or otherwise, they were equally interested in the homestead, which involves the question of possession.

2. A tenant in common in possession of, and claiming his interest in fee in, land, is entitled to claim his homestead right, and to that extent his wife is equally interested with him in the land.

Error to Tuscola. (Wixson, J.) Argued April 6, 1886. Decided April 22, 1886.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*W. C. Buchanan* and *G. W. Davis,* for appellant :

At common law, husband and wife are one person, " that is, the *legal* existence of the woman is suspended during the marriage, or at least is incorporated and consolidated into that of the husband :" Cooley's Blackstone, vol. 1, p. 290 ; Kent, vol. 2, pp. 129, 132 ; and wherever the husband removes and makes his home the wife is bound to go : Schouler's Domestic Relations, pp. 54, 55 ; Kent, vol. 2, pp. 182, 431, n.; *Ashbaugh v. Ashbaugh*, 17 Ill. 476 ; *Prieto v. Duncan*, 22 Id. 26 ; *Babbitt v. Babbitt*, 69 Id. 277.

It is not necessary nor lawful to make the wife, children, or servants parties defendant with the husband in an action of ejectment to recover lands she occupies with him as his wife, and they as part of his family: Dicey on Parties to Actions, 518; Cole on Ejectment, 75; *Bertie v. Beaumont*, 16 East, 33, 37; *Rose v. Bell*, 38 Barb. 25; *Hendricks v. Rasson*, 49 Mich. 84, 85; *Von Shrader v. Taylor*, 7 Mo. App. 361; *Meegan v. Gunsollis*, 19 Mo. 417; *Hunt v. Thompson*, 61 Id. 154; *Read and Wife v. Sang*, 21 Wis. (marg. paging) 678; *Satterlee v. Bliss*, 36 Cal. 489; *Hanson v. Armstrong*, 22 Ill. 442.

At common law it was not necessary to make the wife a party, even when the fee was in her, and the husband was allowed to sue for and recover her lands without making her a party plaintiff: Tyler on Ejectment, 169: *Rose v. Bell*, 38 Barb. 25; *Kibbie v. Williams*, 58 Ill. 30; *Lewis v. Brewster*, 57 Penn. St. 410; *Cahoon v. Coe*, 57 N. H. 557.

A writ of restitution against the husband will remove the wife and his children and servants that are members of his family: *Johnson v. Fullerton*, 44 Penn. St. 466; *Hanson v. Armstrong*, 22 Ill. 442; *Satterlee v. Bliss*, 36 Cal. 489.

The constitution and statutes of this State have not changed the relation of husband and wife only in so far as they have removed some of her disabilities to make contracts in relation to her sole property, and to exempt it from liability for the debts of the husband: Const. Art. 16, § 5; How. Stat. § 6295; *Snyder v. People*, 26 Mich. 108, 109; *West v. Laraway*, 28 Id. 465; *Johnson v. Sutherland*, 39 Id. 580; *Edwards v. McEnhill*, 51 Id. 166.

The constitution and statutes having removed the common-law disabilities of a married woman in relation to her sole property, an action against the husband alone to try the title to her property cannot be maintained: *Hodson v. Von Fossen*, 26 Mich. 68; *Sayles v. Curtis*, 45 Id. 279, 280; *Tevis v. Hicks*, 38 Cal. 234.

The constitution and statutes of Michigan exempt the homestead from sale on execution or other final process from any court, for the debts of the owner, also make the sale thereof void, if the owner is a married man, if the wife does not join in the conveyance; and this is purely an *exemption* right to him *only* who owns as well as occupies the land; *Amphlett v. Hibbard*, 29 Mich. 303; *Scofield v. Scofield*, 47 Id. 246, 247; and the exemption is an exemption from forced sale on execution or other final process from any court, for any debts contracted, etc.: *Patterson v. Patterson*,

49 Mich. 177; *Robinson v. Baker*, 47 Id. 622; *Zoellner v. Zoellner*, 53 Id. 624, 625, 627.

The wife's homestead rights in her husband's lands cannot extend beyond her husband's title, legal or equitable, in the land he may claim as a homestead; and she cannot have any homestead rights in any land to which her husband never had any title, legal or equitable; mere possession and use as a homestead do not give a homestead right: *Calderwood v. Tevis*, 23 Cal. 325; *McClurken v. McClurken*, 46 Ill. 327; *Scofield v. Scofield*, 47 Mich. 246, 247; *Brown v. Keller*, 32 Ill. 154.

The husband must have a greater interest than a leasehold interest to entitle the wife to a homestead claim: *Tharp v. Allen*, 46 Mich. 392.

The homestead right is one created by the constitution, and did not exist at common law, and therefore could not have been claimed or shown under the plea of the general issue; nor if pleaded would it have been a bar to the writ of right or action of dower, because such right did not exist; and consequently it was not competent for the defendant to make such a claim under the plea of the general issue, in an action of ejectment under the statute, to defeat the action: How. Stat. §§ 7808, 7809.

The wife's right to a homestead in her husband's lands is no more in the nature of her sole property than the right of dower: *Ring v. Burt*, 17 Mich. 472; *Robinson v. Baker*, 47 Id. 622.

Defendant is a married man, his wife lives with him on the land, and he is a tenant in common with the plaintiff; had defendant's wife been made a party defendant, the action could not have been maintained without showing special acts of withholding from or ousting of the plaintiff by her. In this case there were no such acts, nor could any judgment have been rendered against her for costs had she been made a party and the plaintiff had prevailed: *Read v. Sang*, 21 Wis. (marg. paging) 678; *Dunderdale v. Grymes*, 16 How. Pr. 195; *Van Schrader v. Taylor*, 7 Mo. App. 361.

The statute requiring all parties in actual occupancy to be made parties defendant does not apply to tenants in common, because where there are several in actual occupancy, and only one has ousted the plaintiff, it would be wrong to make the others parties, nor could an action be maintained against them, because it could not be proved that they had ousted the plaintiff; and in lands owned by tenants in common, wherein the title to the whole of the land so held was

never in the tenant in actual occupancy, the wife can have no homestead rights in the part her husband never owned, if, indeed, she has in the part he does so own: *Tharp v. Allen*, 46 Mich. 392 ; *Amphlett v. Hibbard*, 29 Id. 300.

A writ of possession in favor of one tenant in common against his co-tenant does not oust his co-tenant from the premises, but simply puts him into possession with his co-tenant, and therefore does not deprive either his co-tenant, his wife, or children of their home, or right to occupy any part of the land so held : *Everts v. Beach*, 31 Mich. 137 ; *Tevis v. Hicks*, 38 Cal. 234.

While it may be necessary in cases where the title is claimed by the husband and wife jointly to make the wife a party with him to try the title to the land they occupy, whether as a homestead or otherwise, it is not so in those cases where she has no such separate interest: *Bunce v. Bidwell*, 43 Mich. 544, 545 ; *Hunt v. Thomson*, 61 Mo. 154.

Should any proceedings be taken in equity to partition the land, undoubtedly the wife of the defendant would be a necessary party, if not to cut off her homestead rights, to bar her dower, and such has always been the rule in equity : *Greiner v. Klein* 28 Mich. 20, 21.

The quitclaim deed signed "Sarah Hartley, guardian," etc., not being competent to convey the interest of the minor wards without the guardian having first obtained license from a proper court and given the notice required by law, was of no force to convey any title or any rights to the grantee therein, or those claiming under him.

A widow may release her right of dower in her deceased husband's lands to the holder of his title, but she cannot, before assignment thereof, convey any title, for it is a mere right of action, incapable of being shifted from one to another without reference to the repository of the title: *Rayner v. Lee*, 20 Mich. 386; *Rhoades v. Davis*, 51 Id. 310, 311; Act 65 of Laws of 1877; *Ritchie v. Putnam*, 13 Wend. 525 ; *Siglar v. Van Riper*, 10 Id. 419; *Jackson, ex dem. Clowes, v. Vanderheyden*, 17 Johns. 169 ; *Jackson, ex dem. Totten, v. Aspell*, 20 Johns. 412; *Jackson, ex dem. Clark, v. O'Donaghy*, 7 Johns. 247; *Sutliff v. Forgey*, 1 Cow. 96; but it was not claimed in the court below that the widow's dower would pass by the deed signed by her as guardian, so as to be available by the defendant, and therefore cannot be claimed for the first time in this Court.

Nor has the statute, in substituting the action of ejectment to recover dower instead of the writ of dower, changed,

altered, or modified any right or interest of a widow in or to real estate which before existed, but simply changed the remedy or mode for recovering it: *Yates v. Paddock*, 10 Wend. 531, 533.

*T. C. Quinn* and *B. W. Huston*, for defendant:

It has been the settled holding of all courts that homestead rights should receive a liberal construction, and this is particularly true of those of this State: *Beecher v. Baldy*, 7 Mich. 488; *Barber v. Rorabeck*, 36 Id. 399.

If ejectment could be maintained for a homestead without joining the wife, a designing husband could conspire with another and permit a recovery against him, thus impairing the wife's homestead rights; and this would be true notwithstanding the judgment could not be enforced against the wife, as it is apparent that the majority of women would accept the verdict as conclusive, acquiesce in its results, and surrender the possession of the premises. It is certainly true that no judgment obtained for the possession of the homestead has any effect upon the wife's rights. Not only is this true with reference to the right of the wife to retain possession of the homestead, but it is true with reference to the incident of that right, viz.: that her husband may occupy the premises with her: *Hodson v. Van Fossen*, 26 Mich. 68; *Bunce v. Bidwell*, 43 Id. 542; *Rowe v. Kellogg*, 54 Id. 209.

The judgment then, if obtained by the plaintiff in this case, would be absolutely useless to her under the state of facts found by the jury. The effect of it would be simply to put the defendant to costs, and with no corresponding gain to the plaintiff.

There is a broad distinction between the facts in the case of *Bunce v. Bidwell*, 43 Mich. 542, and in this case. There it appeared that the wife's homestead was not involved in the suit, hence her homestead right to the premises *involved* could not be asserted with any show of reason. But in this case the jury have determined that the premises in controversy are and have been the homestead of defendant and his wife, which homestead right was known to the plaintiff and her attorney previous to the commencement of suit.

If the suit is maintainable under *these* circumstances, the plaintiff is allowed to take advantage of her own carelessness or wrong, and make the defendant costs upon a result which is absolutely without benefit to the plaintiff. The language used by the court in *Bunce v. Bidwell* strongly negatives any such right.

We assert, then, that in order to maintain a suit in eject-
ment for a homestead, the wife is a necessary party, where it
is made to appear that the claim is genuine and is asserted
and claimed by the wife: *Hodson v. Van Fossen*, 26 Mich.
68; *Bunce v. Bidwell*, 43 Id. 542; *Sayles v. Curtis*, 45
Id. 279; *Connor v. Nichols*, 31 Ill. 148; *Patterson v.
Kreig*, 29 Id. 514; *Hoskins v. Litchfield*, 31 Id. 137.

The point appears to be directly decided by the Court in
our favor in the case of *Girzi v. Carey*, 53 Mich. 449.

The deed of Sarah Hartley, purporting to be made as guar-
dian of Mary V., Sarah E., and Benjamin H. Ellsworth, if not
sufficient to convey the interest of the minors, would convey
the dower interest of Sarah Hartley, who was the widow of
Benjamin Ellsworth, deceased.

SHERWOOD, J.    This case is ejectment, commenced by
declaration to recover the undivided half of the S. W. ¼ of
the S. W. ¼ of section 1, in township 13 N., of range 9 E.
Plea, general issue; and, with same, claim was made and
filed for improvements, as provided in such cases by statute.

The cause was tried before Judge Wixson, in the Tuscola
circuit, by jury, the defendant prevailed, and plaintiff brings
error.

Benjamin Ellsworth owned the property, and died in
March, 1863, leaving a widow and four children, three of
whom were minors. The widow again married—a Mr. Hart-
ley—and in 1876 she was appointed guardian of the minors.
Soon after the marriage, the adult heir, Joseph Ellsworth,
conveyed his interest in 60 acres of land owned by his father
when he died, lying in an adjoining township, to Mrs. Hart-
ley. The consideration of this deed was a conveyance by
quitclaim given by Mrs. Hartley, as guardian for the minor
children, of their interest in the 40 acres in dispute to Joseph
Ellsworth.

In 1879, Joseph Ellsworth conveyed the land in dispute by
warranty deed to the defendant, Bigelow, who soon thereaf-
ter went into possession thereof; he giving, as the purchase
price therefor, 40 acres of land elsewhere and $250.

In the fall of 1884 the youngest two of the minors had

arrived at age, and thereafter sold and conveyed their interest in all their father's estate to the plaintiff.

The defendant and his-wife, at the time this suit was brought, had been in the possession and occupancy of the 40 acres upon which they lived, under his deed, more than a year, as their homestead, and neither of them had any other homestead at that time.

The testimony in the case is uncontroverted that the premises in question, the undivided half of which the plaintiff seeks to recover, were purchased by the defendant under a warranty deed, in good faith; and for a valuable consideration; that the land thus purchased by him was worth less than $1,500, and consisted of 40 acres of farming land; that it was possessed and occupied by the defendant and his wife jointly as their homestead, and that they claimed it as such; that the defendant claimed to be the owner in fee of the land, and that the plaintiff and his counsel knew these facts when the suit was brought.

Under these circumstances, we think the wife was a necessary party in the case, and should have been made defendant with her husband: *Hodson v. Van Fossen*, 26 Mich. 68; *Bunce v. Bidwell*, 43 Id. 542; *Sayles v. Curtis*, 45 Id. 279; *Connor v. Nichols*, 31 Ill. 148; *Hoskins v. Litchfield*, Id. 137; *Girzi v. Carey*, 53 Mich. 447.

The action of ejectment is a possessory one; and, whether the husband or wife owned the land in question in fee or otherwise, they were equally interested in the homestead, which involves the question of possession.

We have discovered no error committed, to the prejudice of the plaintiff, in the admission of the testimony, and the jury found, under proper instruction from the court, that the premises were the homestead of the defendant and his wife.

The character of the occupancy and possession being thus established, even though the defendant was but tenant in common claiming his interest in fee, he would still be entitled to claim his homestead right, and to the extent of that his wife would be equally interested with him: *Lozo v. Suther-*

*land,* 38 Mich. 168 ; *Tharp v. Allen,* 46 Id. 389; *Sherrid v. Southwick,* 43 Id. 515.

The judgment must be affirmed.

The other Justices concurred.