# GEORGE M. FISCHER

*v.*

# JACOB ESLAMAN *et al.*

1. SHERIFF'S DEED—*deraigning title through.* Where a sheriff's deed is relied on as evidence of title, it is necessary to show the judgment and execution that authorized the sheriff to make the sale and conveyance.

2. REDEMPTION—*by judgment creditor.* The right to redeem from sheriff's and master's sales after the expiration of twelve, and before the expiration of fifteen months from the day of sale, is alone derived from the statute, and is given only to judgment creditors. Therefore, where the land owned by two as tenants in common is sold on foreclosure of a mortgage given by them, a sale under a redemption made by a judgment creditor of one of them will pass the title of that one only.

3. EJECTMENT—*equitable must yield to the legal title.* In ejectment the court can not deal with the equities of the parties. An equitable title forms no bar to a recovery, and, by necessary consequence, it will not authorize a recovery. The plaintiff must recover upon the strength of his own legal title, and not upon the weakness of the defendant's.

4. SAME—*estoppel.* Where the plaintiff in ejectment had attempted to redeem from a master's sale, after the expiration of twelve months and within the time allowed judgment creditors, the land of one against whom he held no judgment, it was insisted that as one of the defendants in ejectment had received the redemption money as the grantee of the original owner, she was estopped from disputing the validity of the redemption, but it was held that this could not change the legal title. At best it only created an equity in favor of the party redeeming against the party receiving the money.

5. TENANTS IN COMMON. Tenants in common are considered as solely and severally seized. They have several and distinct freeholds, and there is no privity of estate between them, and the estate of each is liable for

his own debts, and the purchaser acquiring title at sheriff's sale to the interest of a tenant in common, will occupy the place of him whose title he acquired.

6. SAME—*contribution.* Where one tenant in common removes an incumbrance from the common estate, the other tenants must contribute to the extent of their respective interests, and to secure such contribution a court of equity will enforce upon such interests an equitable lien of the same character with that which has been removed by the redeeming tenant.

7. Where the land of A and B, owned by them as tenants in common, is sold upon foreclosure of a mortgage given by them, and after the expiration of twelve months is redeemed by a judgment creditor of A, and a deed made to the creditor, the latter will acquire no title to the interest of B, but it seems that as such creditor succeeds to the position of A, and was compelled to advance money to remove the prior incumbrance as to both A and B, he will be entitled in equity to compel B and those succeeding to his title, to contribute towards the cost of the redemption.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. WM. H. UNDERWOOD, for the appellant.

Mr. MARSHALL W. WEIR, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of ejectment, brought by the appellant against the appellees, in the St. Clair circuit court, to recover the south half of lot number thirty, on High street, in the city of Belleville.

The declaration is in the usual form, and claims the property described in fee.

The general issue was pleaded to the declaration, and, by agreement, a trial was had by the court without the intervention of a jury, which resulted in a judgment for the defendants.

The only question in the case is, whether the sheriff's deed, under which the plaintiff claims, invests him with title to the whole of the property that he seeks to recover, or only to the undivided half thereof.

The material facts relating to this question are, that Patience A. Champion, on the 12th day of September, 1865, conveyed the property in controversy by deed to James M. Ralls and Augustine Pensoneau, and they, on the same day, mortgaged the property back to her. She caused her mortgage to be foreclosed by decree of the St. Clair circuit court, and the property was, by virtue of the decree, sold to her by the master in chancery on the 15th day of January, 1870, for $2196.71. On the 29th day of October, 1868, Benjamin F. Hardin recovered a judgment in the St. Clair circuit court against James M. Ralls for $274.71, and on the 4th day of November, 1868, George M. Fischer and Charles B. Hubbell recovered a judgment in the same court and against the same defendant, for the sum of $309.99. Executions were issued on these judgments, and the plaintiffs therein paid to the sheriff the sum of $2417.70, to redeem from the sale to Patience A. Champion. The executions were then levied upon the whole of the property in controversy, and it was sold to appellant, who received a sheriff's deed therefor.

The appellant did not make out title by the mere production of the sheriff's deed. It was necessary that he should show, in addition, a judgment and execution that authorized the sheriff to make the sale and conveyance. *Davis* v. *McVickers*, 11 Ill. 327. Has he done this? He has shown judgments and executions against Ralls, who was the owner of the undivided half of the property, and that his title is good to this extent is not controverted; but he has shown no judgment or execution against Pensoneau, who was the owner of the other undivided half of the property, nor against those who claim as his grantees.

The right to redeem from sheriff's and master's sales, after the expiration of twelve months and before the expiration of fifteen months from the day of sale, is alone derived from the statute, and it is, by it, limited to judgment creditors. Inasmuch, therefore, as Hardin, Fischer and Hubbell had no

judgment against Pensoneau, they were not judgment cred-
itors so far as his interest was concerned, and they could
acquire no right to have it sold by the mere act of paying
money into the hands of the sheriff to redeem from the mas-
ter's sale.    Having judgments against Ralls gave them no
more right to acquire title to Pensoneau's interest than it did
to that of any body else against whom they had no judgment.

It is argued that the redeeming creditor is held by this
court to be an assignee of the first purchaser, and is subro-
gated to his rights, and when the sheriff makes the deed the
grantee acquires all the rights of the first purchaser.

As a general statement of the law, this is correct.   But it
can have no application here, for the very plain and conclu-
sive reason that Hardin, Fischer and Hubbell were not, as to
Pensoneau, or those claiming in right of him, redeeming
creditors.   As none but judgment creditors had the right to
redeem, there could be no redeeming creditors who were not
judgment creditors.   These parties were judgment creditors
of Ralls, but, so far as the record discloses, of no one else.  It
surely could not be supposed that because a party had a judg-
ment against a particular individual, he thereby became a
judgment creditor of any and every body else whose property
had been sold at master's or sheriff's sales, and had not been
redeemed within twelve months; and yet this is the only
hypothesis upon which these parties can be called redeeming
creditors as to Pensoneau's interest.

The effect of the sheriff's deed, in the language of the 14th
section R. S. 1845, of the chapter relating to judgments and
executions, is, that it shall be "considered as conveying to
the grantee therein named all the title, estate and interest of
the defendant or defendants in the execution therein named,
in and to the lands thereby conveyed, of whatever nature the
same may be."   Thus, the only defendant in execution being
James M. Ralls, the only effect of the deed is to convey his
interest to the grantee.

6—68TH ILL.

It is also argued that only joint creditors of Ralls and Pensoneau could object to such redemption by separate creditors of Ralls; that they did not, and that the time of redemption allowed to Pensoneau having expired he is not injured, and that the redeeming creditors were favored to the prejudice of no one.

Even if this were all true, which is not conceded, it would not tend to strengthen appellant's legal title. We can not deal with the equities of the parties in this form of action. The plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of the defendant's. *Marshall* v. *Barr,* 35 Ill. 106; *Stuart* v. *Dutton,* 39 ib. 91; *Hague* v. *Porter,* 45 ib. 318. An equitable title forms no bar to a recovery in ejectment, 31 ib. 468; and by necessary consequence would not authorize a recovery in that form of action. The legal title must prevail against every equity. *Chiniquy* v. *Catholic Bishop,* 41 Ill. 148; *Franklin* v. *Palmer,* 50 ib. 202.

It is claimed that the redemption money paid by Hardin, Fischer and Hubbell was received by Mrs. Primm, one of the defendants, who was claiming as grantee of Pensoneau; and it is thereupon argued that this estops her from denying the validity of the redemption. Whether the fact is as claimed or not, we do not care to inquire. If there can be no redemption, after the expiration of twelve months, from a master's or sheriff's sale, except by a judgment creditor, it is obvious that this fact can not be material, as it can not change the record and make a judgment creditor where there was none before. It could at best but show an equity in favor of the party paying against the party receiving the money. The naked legal title is not affected by it.

It is further argued that the legal title is transferred by the sheriff's deed, if made with the express or implied assent of the purchasers or redeeming creditors, and that whether the deed is made to the right person or not, can only concern the

parties interested in that question, and that it is always open to explanation.

There is no controversy here whether the deed is made or delivered to the right person or not. The question is, whether it conveys the interest of one against whom there was neither judgment nor execution, merely because he was a tenant in common with one against whom there was judgment and execution.

Tenants in common are considered as solely or severally seized. They have several and distinct freeholds, and there is no privity of estate between them. 4 Kent's Com. 8 Ed. 386 ; *Burr* v. *Mueller et al.* 65 Ill. 258. It necessarily follows that the estate of each is liable for the payment of his own debts, and the purchaser acquiring title, at sheriff's sale, to the interest of a tenant in common, would occupy the place of him whose title he acquired. Conceding that it was necessary to pay the entire amount due to Mrs. Champion in order to effect a redemption, so as to reach Ralls' interest, it does not follow that this conferred a right to treat Pensoneau, or those claiming in his right, as judgment debtors to those who only had judgments against Ralls. Undoubtedly, in such case those redeeming would have an equitable claim against the Pensoneau interest, but it would have to be enforced in a court of equity, and not in a court of law, upon the trial of an ejectment claiming the fee to the land. It was held by this court, in *Titsworth et al.* v. *Stout,* 49 Ill. 78, where one tenant in common removes an incumbrance from the common estate, the other tenants must contribute to the extent of their respective interests ; and to secure such contribution, a court of equity will enforce upon such interests an equitable lien of the same character with that which has been removed by the redeeming tenant, and the principle would seem to be equally applicable to the judgment creditor of a tenant in common. But in no view of the case can the appellant enforce his rights, whatever they may be, in this form of action.

The judgment is affirmed.                    *Judgment affirmed.*