Samuel L. Brown, Appellee, v. Thomas McKean, Appellant.

Gen. No. 32,558.

Opinion filed October 11, 1928.

NEWMAN, POPPENHUSEN, STERN & JOHNSTON, for appellant.

EDELSON & PAULLIN and SAMUEL M. COME, for appellee; HYLAND J. PAULLIN, of counsel.

Mr. Justice Barnes delivered the opinion of the court.

The judgment appealed from was entered on a directed verdict for defendant in a forcible detainer suit.

The controlling question on this appeal is whether the court erred in rejecting proof offered by defendant of the lease under which he obtained, and claims the right to, possession of the premises involved, and proof of his exercise of an option therein provided for.

Plaintiff is the grantee of the purchaser of the premises at the judicial sale had pursuant to partition proceedings, to which defendant was made a party and in which he was defaulted for nonappearance. The decree entered therein, which was introduced over defendant's objections, finds, among other things, that the premises in question, a storeroom on a certain lot No. 18, "is used and occupied by Thomas McKean under a written lease expiring September 30, 1927; that said Thomas McKean has no right, title or interest in or to the said lot 18 except as such tenant," and orders, adjudges and decrees "that under and by virtue of his lease hereinabove mentioned, defendant Thomas McKean is entitled to occupy the store room on the first floor of the two-story frame building located on lot eighteen (18) hereinabove described, for and during the period of his said lease and upon *the terms and conditions of said lease.*"

It is appellee's theory that by such proceedings appellant's right to possession under the lease was adjudicated to have expired September 30, 1927, and that the attempt to introduce the lease and his exercise of an option therein given constituted a collateral attack upon the decree, which, of course, it is conceded cannot be made. It is appellant's theory that by proper construction the decree on its face places no such limitation upon his rights and recognized them

as they exist under the terms of the lease, one of which gives the lessee an option to extend the period beyond September 30, 1927, and, therefore, the lease and proof of compliance with its terms are proper evidence to determine his right of possession. In this construction we concur. While the lease is described in the finding as "a written lease expiring September 30, 1927," nevertheless the decree is that McKean as the lessee is entitled to occupy the premises "for and during the period of his said lease and upon the terms and conditions of said lease." In our opinion it thus plainly recognizes the rights of both the lessee and the lessor under its terms and conditions, which, in the absence of any attempt in the decree to define them, are determinable only by an inspection of the lease itself.

It appears from the lease that its term is from, "for and during the term commencing on the first day of October, A. D. 1924, and ending the thirtieth day of September, A. D. 1927, upon the terms and conditions hereinafter set forth." One of those terms reads: "Option is hereby given the lessee to renew this lease at its expiration for a further term of two (2) years, by giving the lessor sixty (60) days written notice." We cannot concur in appellee's contention that this provision is ambiguous. The exercise of such an option, of which competent proof was offered and rejected, would operate to extend the period of the lease. This provision was manifestly one of the conditions under which it was accepted by the lessee, and we think the decree contemplated the assertion and not the restriction of his rights under the terms and conditions of the lease. We think, therefore, that proof of the lease and the notice given thereunder was competent and should not have been rejected.

A party purchasing at a judicial sale is charged with notice of such material facts as the record of the proceedings under which he derives title discloses, and he will be presumed to have examined the same before

becoming a purchaser. (*Webber v. Clark,* 136 Ill. 256; *Huber v. Hess,* 191 Ill. 305.) The record here informed the purchaser—to whose rights appellee succeeded— of an adverse possession under a written lease according to its terms, and that the lessee was entitled to occupy the premises during the period of the lease and upon its terms. Surely its terms could be ascertained only from the lease itself, and one of them extended that period for two years beyond September 30, 1927, on the lessee giving notice as therein required.

There being no ambiguity in the terms of the lease, in our opinion there was no occasion for proof resorted to by plaintiff of the master's report of the evidence for interpretation of the decree. It speaks for itself in no uncertain terms and, in our opinion, does not restrict defendant's right of possession to a period expiring September 30, 1927. When the decree was entered there were several months left within which defendant could exercise the option. Manifestly the decree could not properly and did not purport to cut off that right.

Accordingly the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

GRIDLEY, P. J., and SCANLAN, J., concur.