[Civ. No. 7006. Third Dist. Mar. 29, 1944.]

EDWA D. EWING BOGGS, Respondent, v. JOHN C. BOGGS et al., Appellants.

Neumiller & Ditz for Appellants.

O. C. Parkinson for Respondent.

PEEK, J.—This is an appeal by defendants from a judgment for plaintiff entered on her complaint for declaratory relief.

At the time of the marriage of Frank S. Boggs and Edwa D. Ewing Boggs on October 17, 1928, the husband owned,

as his separate estate, certain real property located in Stockton and known as the Eden Square Apartments, together with the furnishings and equipment therein. During the month of November, 1936, Frank S. Boggs, in order to obtain a loan from the Reconstruction Finance Corporation to enable him to repair certain damage to the property, caused to be formed a corporation known as the Eden Square Corporation. On November 10, 1936, the company so formed executed and delivered to the R.F.C. its promissory note in the principal sum of $125,000 secured by a deed of trust on said real property. One thousand and seventy-two shares of stock of said corporation were issued to Boggs, and one share each to Edwa D. Ewing Boggs and Frank S. Boggs, Jr. No consideration was paid for the share held by plaintiff. Boggs and his wife also executed and delivered to the mortgage company their individual guarantee of payment of said obligation. During the month of December, 1938, the property was transferred back to Boggs alone by the Eden Square Corporation. At the same time a written assumption and agreement to perform all of the obligations of the Eden Square Corporation under the note and deed of trust, was executed and delivered to the R.F.C. Approximately a year later Boggs died testate. His will (which was executed while the property was so encumbered) was admitted to probate, and plaintiff, who was named as executrix therein, duly qualified as such. Under the terms of decedent's will plaintiff was given a life estate in the real and personal property, and the remainder was given to the youngest son of the testator, Frank S. Boggs, Jr. The son died during the month of June, 1942. On August 4, 1942, the final decree of distribution in said estate, in accordance with the will, was made and entered.

The trial court found that by said decree of distribution the property was distributed to the plaintiff, respondent herein, for the term of her natural life, and to John C. Boggs and Thomas W. Boggs, administrators of the estate of Frank S. Boggs, Jr., deceased, the remainder thereof in fee, upon the death of Edwa D. Ewing Boggs. The court further found that said decree of distribution provided that the remainder interest in said property be distributed subject to any lien which the plaintiff had therein as a life tenant to secure reimbursement of the principal payments made by her.

The obligation was payable in amortized payments at the

rate of $1,050 per month, with the usual provision for declaring the entire balance payable, and permitting foreclosure on the deed of trust, in the event of failure to pay the installments when due. The wife, as executrix of the will, paid the installments as they accrued, out of the funds of the estate, and after the decree of distribution, continued to pay the accrued installments out of her own funds. According to the briefs on file herein she has continued to make such payments.

At the conclusion of the hearing the trial court made findings of fact and conclusions of law in favor of plaintiff, and judgment was rendered accordingly in her favor. By the terms of said judgment she was given a lien upon the real property as security for the repayment of the sums already paid by her and for such additional sums as she might thereafter pay on account of the principal amount of the encumbrance. The judgment further provides that upon final payment being made of the obligations secured by said deed of trust, all sums paid on account of the principal obligation by plaintiff shall become due and repayable by defendants to plaintiff, and unless paid within a reasonable time thereafter plaintiff shall have the right to foreclose said lien by an action in the manner of, and subject to, the provisions of law for foreclosure of mortgages. It is from such judgment that defendants now appeal.

It is their contention (1) that the encumbrance on the real property is a personal obligation of plaintiff and she is not entitled to contribution from the remaindermen; (2) that any sums paid by her on account of said obligation were voluntarily paid, and by virtue of the voluntary nature of the payments she is not entitled to contribution from the remaindermen; (3) that the judgment of the trial court is in error in the computation of the amount of contribution which the remaindermen are required to pay to the life tenant, and (4) in any event under the circumstances of this case the remaindermen should not be called upon nor required to make any contribution until the expiration of the life estate.

In opposition to the contentions made by defendants the plaintiff argues that if she had not made the payments the property would have been lost by foreclosure, thus not only would she have lost her interest, but the remainder, which appellants held by inheritance from their deceased brother,

would likewise have been lost; that by making the present payments she is not only paying the current expenses which properly should be borne by a life tenant but she is also paying the principal obligation which properly should be borne by the remaindermen, and that at some future time she should be reimbursed for such payments made in their behalf.

The complaint filed by plaintiff was one for declaratory relief by reason of her opinion stated therein that there was nothing of record to establish any obligation upon the part of the remaindermen, and in the absence of such determination of record it would be possible for them to dispose of their interest to an innocent purchaser who might perhaps thereby acquire rights in the property greater than those of the remaindermen themselves.

The case was tried upon stipulated facts, the documentary evidence of the note and deed of trust, the guarantee agreement, and the assumption agreement.

It is apparently conceded by all parties that as a general rule a life tenant is only required to pay the interest on the existing encumbrance and that it is the duty of the remaindermen to pay the principal. However, appellants contend that the question herein presented does not come within the general rule and would differentiate this case on the grounds that as the plaintiff executed with decedent a guarantee of performance of the original note and trust deed of the Eden Square Corporation, and later, when the property was transferred back to Boggs, she executed with him an assumption of the obligation, it therefore became the personal obligation of plaintiff.

Two cases are citel by appellants in substantiation of their first contention. (*Huber* v. *Hess*, 191 Ill. 305 [61 N.E. 61], and *Souders* v. *Kitchens*, 344 Mo. 18 [124 S.W.2d 1137].) In the first case a daughter of the testator took one of two lots covered by a single mortgage. The will specifically provided for payment by her of the whole of the encumbrance. The court held that since the devise was upon the express condition that she pay the entire encumbrance it became a personal obligation on her part, and therefore her successor in interest, a judgment creditor, could not enforce contribution from a son of the testator who took the remaining lot,

which, by the express terms of the will, was freed of the encumbrance.

The second case was an appeal from an order sustaining a demurrer to the answer alleging fraud, which allegations, for the purposes of the demurrer, were taken as true and construed most strongly against the pleader. It did not appear whether the loan was for the benefit of the husband or the wife, or both.

The Huber case was specifically referred to in *Faulkenburg* v. *Windorf*, 194 Minn. 154 [259 N.W. 802], a case involving an encumbrance primarily for the benefit of both the husband and wife covering property in which the wife had but a life estate. The court there stated:

"The whole estate, including remainder, was charged generally with that obligation. . . . So, if the life tenant is to be denied right of contribution, it must be because she was bound in personam and contractually to pay the debt. That does not follow for the simple reason that the original promise to pay was for benefit only of the mortgagee and his assigns. Plaintiffs as remaindermen were neither parties to, nor beneficiaries of, that contract. The surviving wife and life tenant was no debtor to them. . . . In respect to such prior encumbrances upon the fee, the respective duties of life tenant and remaindermen are neither referable to, nor regulated by, any theory of contractual obligation. . . . The adjustment necessary when redemption is made by one is not in personam between the redeeming tenant and the others, but in rem between their respective interests. Obligation is not imposed on any one, but an interest in property is charged with a lien to secure the performance of an obligation. If the duty is not performed, the title subject thereto may be lost. But in no event is any duty imposed in personam."

The court further stated that such "view of the matter renders immaterial the circumstance that the life tenant became joint debtor with her husband for the original mortgage debt. The life estate which she took upon her husband's death was not, as in *Huber* v. *Hess, supra*, especially charged *in rem* with the payment of the whole debt. It remained no more subject to the lien of the mortgage (and that is the decisive thing) than the remainder. Hence, when the life tenant made redemption, she came into an equity equal to

that of the remaindermen and so was entitled to contribution from them."

In *Krebs* v. *Bezler*, 338 Mo. 365 [89 S.W.2d 935, 103 A.L.R. 1177], a case factually quite similar to the present one, a decedent left surviving him a widow and several children. At the time of his death he was the owner of two tracts of land, both encumbered, which encumbrances had been executed by himself and his wife. By the will the wife was given a life estate in the real estate and was named as executrix thereof. She duly qualified as such, and, using the assets of the estate, paid the balance of one encumbrance in full, and with her own funds paid the second encumbrance. She sought to be subrogated to the rights of the original holders of the encumbrance. The defendants contended that as she signed both notes as maker she became primarily liable thereon and was not entitled to subrogation upon the payment of her own debt. The court, in summarizing the evidence, stated that the record disclosed that she did not receive any of the proceeds herself, that her husband used all of the money for the purchase of the land in question and took title to it in his own name. Her only interest was a potential right of dower. The court then stated that:

"As between her and the holder of the notes, she would be regarded as a maker and primarily liable thereon, but, as between her and her husband or between her and the heirs who claim under the husband, she was a surety on the note and only secondarily liable thereon."

The facts in the instant proceeding present a much stronger case for the wife than either of the two cited ones. Here she appears not as co-maker of the note and trust deed, but rather as an accommodation party for the benefit of her husband, or at most his surety. The real property was at all times his separate property. The proceeds of the loan were used solely for the reconstruction of the apartment building. At no time did plaintiff have any interest in the property, nor did she receive any consideration for executing the previously mentioned documents. Her only interest in the corporation was represented by but one share of stock, issued to her without consideration in order for her to qualify as a director.

Under the principle as stated it is entirely proper, in such a case, that equity should step in and subrogate her to the

rights and remedies of the encumbrancer by giving her a lien on the land for the amount of the encumbrance which she has paid. Thus she is given what the testator intended her to have—the enjoyment of the estate during her natural life, subject only to the current expenses and interest on the principal obligation—and the remaindermen receive exactly what they took from their father at the date of his death— a remainder interest in the land subject to the principal obligation.

The appellants next argue that as the record discloses no demand on the part of plaintiff that defendants pay the principal installments as they fall due, that, therefore, the payments made by her were voluntary, and that she is not entitled to contribution from the remaindermen. The case cited by appellants in support of this contention (*Kinkead* v. *Ryan*, 65 N.J.Eq. 726 [55 A. 730]), merely held that the life tenant, by taking no action during the seven years elapsing from the date she paid off the encumbrance to the date of her death, thereby presented a question of fact from which it could be concluded that the payments made by her were intended as gifts, and that a court of equity will keep an encumbrance alive or consider it extinguished, as will best serve the purposes of justice and the actual and just intention of the party.

In the present case the payments made during the course of administration were admittedly done pursuant to her duties as executrix of the estate. Had she not done so she could have been charged with neglect in the performance of such duties. The decree of distribution in the estate providing that the remaindermen's interest was distributed subject to her right of reimbursement of the principal payments made out of the income of the property negatives any thought that the subsequent monthly payments made by her were a gift. Further negation of such contention is found in the institution of the present proceeding itself.

The general rule as stated in 33 Am. Jur., section 461, page 997, is that:

"A life tenant paying a charge on an estate is prima facie a creditor, unless by some expression a contrary intention is indicated; without such expression, he is presumed to have acted in his own interest and for his own benefit, and he is under no obligation or duty to make a declaration or to do

any act demonstrating his intention, but the burden of proof is on those who assert that in paying off the charge he intended to exonerate the estate. Hence, the mere payment of a mortgage which was a charge upon the estate, without more, is sufficient to establish the right of a life tenant making such payment to have the charge raised out of the estate.''

It would appear that the further contention of appellants, that the judgment is in error as regards the amount the remaindermen are required to pay, is moot insofar as the present appeal is concerned. Up to the present time plaintiff has made all payments chargeable against the property. It is possible that the occasion may never arise which would call into being the formula contended for by appellants that a life tenant is required to pay, as his part of the interest on the mortgaged property, such a sum as will equal the present value of the amount of interest he would probably have paid during his lifetime as estimated by the ordinary mortality tables; the remaindermen being required to pay the balance. The plaintiff may die before the entire encumbrance has been paid or if she pays the entire balance she may die before she is repaid by the remaindermen, and lastly, even though she should pay the balance in full, she would still owe them nothing by way of interest until they make repayment to her.

Her life expectancy under such circumstances would of necessity have to be computed as of the date of repayment, not now, nor any time prior to repayment, since up to such time of repayment, if she has paid all charges, she would owe the remaindermen nothing.

The appellants do not contend that the judgment is without the power of the trial court. Their attack is directed at the effect of that portion of the order which directs that the sums paid by respondent will be due and payable to her by the remaindermen upon complete payment of the encumbrance, and if not paid "within a reasonable time" thereafter respondent will have the right to foreclose their interest in the property. In support of such contention they argue (1) that when the respondent makes final payment of the note which is due and payable on February 10, 1947, thereafter she will have available for her own use the entire net income which undoubtedly will be more than is necessary for her requirements; (2) that since she will remain in possession after the obligation has been paid in full it will be exceed-

ingly difficult for the remaindermen to raise sufficient funds to meet the requirements of repayment within a reasonable time as ordered by the trial court, and (3) that therefore the phrase "within a reasonable time" as used in the judgment to denote the date of repayment by them to her should be construed to mean "upon the expiration of the life estate."

Although difficulties may beset the remaindermen in financing their repayment to the life tenant, the solution of their problems cannot be allowed to foreclose the rights of the respondent. To hold that no right of repayment should attach until the expiration of the life estate would be to impose upon the widow all of the liabilities of the encumbrance and to deny to her whatever enjoyment she might receive from the life estate given her by the testator.

The life estate devised to respondent was for her benefit alone. It was not created for the benefit of her heirs, neither was it created for the benefit of the remaindermen, yet, such would be the result if the contentions of appellants were to be followed, and the provisions of the will in regard to such estate would be rendered meaningless.

We are entirely in accord with the trial court in its determination of the questions here involved. The judgment correctly provided that a right of repayment exists; that the plaintiff has a lien upon the remainder, and that such right may be enforced within a reasonable time after final payment.

The questions, if any, which are left unanswered by the judgment of the trial court, can be determined only if and when contribution is sought from the remaindermen by the life tenant.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.