Eva Mae KING, now Hoffman, Appellant,

v.

John B. RAINBOLT et al., Appellees.

No. 45111.

Supreme Court of Oklahoma.

Oct. 9, 1973.

Ivester, Ivester & Ivester, Sayre, for appellant.

Meacham, Meacham, and Meacham, Clinton, for appellees.

HODGES, Justice:

Appellant, Eva Mae King, instituted a quiet title and partition action and appeals from that part of the trial court's judgment which gave the appellee, John B. Rainbolt, a lien against the property in the amount of $1,891.09.

The issue to be decided is whether Rainbolt, who purchased a one-half interest and a life estate from his predecessor, and subsequently paid off an outstanding mortgage against the property, is entitled to a contribution from those who owned the other one-half interest in the property, including the appellant herein.

The 160-acre tract was originally owned by A. Y. Smith. He died in 1941 leaving the property to his wife, Dorothy Irene Smith. Against the property was a mortgage in favor of the Commissioners of the Land Office, of the State of Oklahoma, which had an unpaid balance of $3,782.18.

In 1942 Dorothy Irene Smith conveyed by warranty deed a one-half interest in the tract to the brothers and sisters of her deceased husband, reserving unto herself a life estate. Recited in the deed was a provision that the conveyance was subject to the above mentioned mortgage in favor of the Land Office.

On October 23, 1948, Dorothy Irene Smith, entered into a contract with the appellee, John Rainbolt to sell all her interest in the property, which was a one-half interest and a life estate as to the other one-half interest previously conveyed by her. Both the contract and the subsequent deed contained the following provision—the interpretation of which forms the dispute between the parties herein:

"* * * subject to mortgage of record in favor of Commissioners of the Land Office of the State of Oklahoma, on which the approximate unpaid balance is $3,500.00 *which mortgage said grantee, John B. Rainbolt assumes and agrees to pay.* (Emphasis ours).

Although our court has not made any pronouncement, it is generally accepted that where a life tenant pays off a prior mortgage lien against the estate he is entitled to reimbursement from the remaindermen. See Anno. 87 A.L.R. 220. As a general rule, we adopt this principle. The only duty a life tenant has to remaindermen in respect to a prior mortgage is to pay the interest on the obligation. He has no duty to pay the principal but once he does, he is entitled to a proper contribution from the remaindermen. Faulkenburg v. Windorf, 194 Minn. 154, 259 N.W. 802 (1935); Boggs v. Boggs, 63 Cal.App.2d 576, 147 P.2d 116 (1944); Morrison v. Launtzhiser, 176 Kan. 390, 271 P.2d 301 (1928); Garrett v. Smowden, 226 Ala. 30, 145 So. 493 (1933).

Therefore, we agree with the Court of Appeals opinion that if Rainbolt in the present case is to be denied any contribution from the remaindermen it must be because he contractually obligated himself when he acquired his interest in the property from his predecessor, Dorothy Irene Smith. The Court of Appeals held he was contractually bound. We disagree.

 An assumption and agreement to pay a prior outstanding mortgage by one who purchases a life tenant's interest does not automatically inure to the benefit of the remaindermen. The decision must be based on the intent of the parties at the time the conveyance was made.

In the present case no payment on the mortgage principal had been paid in eleven years, for which Dorothy Irene Smith as a cosigner was personally responsible. Taxes for the year 1947 and 1948 were delinquent. Obviously Mrs. Smith had reason to sell.

On the other hand, Rainbolt did not solict or encourage the sale. Mrs. Smith approached Rainbolt and asked him if he would buy her interest. Mr. Rainbolt was reluctant and encouraged her to sell her interest in the property to the remaindermen, who were heirs of her deceased husband. She replied that she had already given them the opportunity, but they could not raise the money.

The value of the land in 1948 when Rainbolt bought Mrs. Smith's one-half interest was between $6500.00–$7500.00. He paid her $4000.00 for her one-half interest plus her life estate. There is nothing in the record to show what the life estate was worth or how old Mrs. Smith was on the date of the sale, although it appears she was an elderly woman at the time.

Rainbolt was an experienced real estate appraiser. He formerly appraised land for the School Land Commission and in fact did the original appraisal on this property when the mortgage in question was made. So it is almost inconceivable that Rainbolt, with his knowledge and experience intended to pay $4000.00 and also pay an additional $3500.00 for the mortgage for a one-half interest and a life estate when the one-half interest was only worth between $3250.00 and $3750.00.

We agree with the trial court that the intent of the parties at the time the contract and deed was executed was that Rainbolt would protect Mrs. Smith from any personal liability on the mortgage indebtedness. Rainbolt so testified. There is no evidence the parties intended to make a contractual obligation which inured to the benefit of the appellant. Parties to a contract are presumed to contract only for themselves. A contract will not be construed as made for third party's benefit unless such an intention is clearly manifested. Anderson & Sons v. Samedan Oil Corp., 210 F.2d 600 (5th C.C.A. Tex.).

We find the judgment of the trial court is supported by the evidence. In actions of equitable cognizance this court will review the evidence, but will not reverse a trial court when its judgment is not against the clear weight of the evidence.

Certiorari is granted and the judgment of the Court of Appeals is reversed. Judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES, and SIMMS, JJ. concur.