Roy H. LAMBERT, individually and as executor of Josephine Jones Lambert, deceased, and Roy Hubert Lambert, Appellants,

v.

Guy JONES, David Jones, John H. Jones, Artie Spies, Mary Sullens, Naomia Morris, Glen Jones, Barney Jones, Clifford Jones, Duward Jones, Donald Jones, Wilma Gathright, Gerald Jones, Noel P. Jones, Genelle Gurner, Wanelda Hinkle, Linda Kelley and Stephen Jones, Appellees.

Nos. 55302, 55607.

Court of Appeals of Oklahoma, Division No. 2.

March 15, 1983.

Rehearing Denied June 9, 1983.

Certiorari Denied Sept. 13, 1983.

Released for Publication by Order of Court of Appeals Sept. 16, 1983.

Riley Brock, Oklahoma City, Stanley Niece, Niece & Israel, Elk City, Linda Alexander, Oklahoma City, for appellants.

Johnny Beech, Meacham, Meacham & Meacham, Clinton, for appellees.

BOYDSTON, Judge.

Husband (Roy H. Lambert) and Son (Roy Hubert Lambert) of Decedent (Josephine Jones Lambert) appeal from judgment in favor of Decedent's brothers, sisters, nieces and nephews all of whom claim to share in the remainder of Decedent's life estate. The claim is based on a 1932 deed and a 1947 judgment, which allegedly settled the issue of the contingent remaindermen to Decedent's life estate.

This is a case of equitable cognizance. Therefore, it is the appellate court's duty to weigh the evidence and unless the judgment is clearly against the weight of the evidence, contrary to law or a clear abuse of discretion, the judgment of the trial court will be affirmed. *King v. Rainbolt,* Okl., 515 P.2d 228 (1973). We have reviewed the record and find the judgment to be contrary to law.

The facts are not in dispute. In 1932 Decedent's parents conveyed to Decedent a life estate in 103 acres of land and minerals. At that time Decedent was a minor, retard-

ed and in generally poor health. The 1932 deed provided:

"At the second party's [Decedent's] death this property is to go to her near heirs."

The 1947 judgment resulted from a district court action based on 60 O.S.1941 §§ 71 and 72, which authorizes the appointment of a trustee to grant oil and gas leases where there is a life estate having unknown contingent remaindermen. The special action was brought for the sole purpose of granting a lease. Section 71, *supra,* provides:

"In any case where, by will or deed or other instrument, title to real estate is in a tenant for life or other person having the right to the use thereof and income therefrom, with the remainder interest left to one or more contingent remaindermen, so that it is impossible to determine until the death of the life tenant or the future happening of some other determining event, what interest, if any, the various contingent remaindermen will take; the district court, upon the application of the life tenant, shall have jurisdiction and authority to appoint a trustee under proper bond, over said real estate, for the purpose of leasing the same for oil and gas developing purposes."

Pursuant to this statute all known contingent remaindermen were joined in the 1947 suit, including Decedent's then living ten brothers, sisters, her husband and son.

The resulting judgment provided:

"It is therefore ... ADJUDGED ... that Roy H. Lambert [Husband] ... is hereby appointed trustee for the Unknown and Unborn remaindermen and all of the named defendants herein, in the real estate above described in which the plaintiff owns a life estate, with power of authority, under order of the Court, to make and enter into oil and gas mining leases upon the contingent remainder interest of said defendants and to receive and hold until further order of this Court, and the occurrence of the contingency mentioned in said warranty deed, all the proceeds of such oil and gas leases which may belong to the Unknown and Unborn remaindermen, and all of the named defendants herein, until further order of the Court."

Decedent died in 1979; Husband and Son survived her as did all but four siblings. The royalty proceeds had dwindled by the time of Decedent's death, but the trust corpus had accumulated $158,900. Husband filed a motion to settle the final trust account and distribute the trust funds to himself and Son as the "near heirs" of Decedent. Decedent's six surviving brothers and sisters and the children of four deceased siblings demurred, relying solely on the 1947 judgment and the theory of res judicata.

The trial court agreed and sustained the demurrer.

In the same case appellees filed their own motion for distribution declaring that the estate should be distributed in equal shares to the siblings, Husband, Son and "by representation" to the nieces and nephews. The trial court again agreed and from these two orders Husband and Son appeal.

Two issues are raised on appeal. It is contended that:

(1) The trial court erroneously construed the 1947 judgment when it held the judgment finally determined the identity of Decedent's "Unknown and Unborn heirs."

(2) The term "near heirs" as used in the deed limits the remaindermen to the living statutory heirs as determined by the laws of intestate succession.

### I

We agree with both contentions for two reasons. First, the primary purpose of section 71 is to remove an otherwise insurmountable legal impediment to orderly development of mineral resources by identifying and protecting the rights of known contingent remaindermen and to protect the lessor against claims of—and protect the rights of—unknown or unborn contingent remaindermen.

Second, such a judgment cannot finally adjudicate the "heirs" of a life ten-

ant because the contingency; *i.e.*, the death has not happened. The pool of potential contingent remaindermen is amorphous and dynamic throughout Decedent's lifetime. It necessarily includes all "near" relatives from time-to-time because the status of "heirship" fluctuates with time and circumstances and only crystallizes upon death. Though the 1947 judgment fixed the status of the known contingent remaindermen at the time it was rendered, it in no way purported—nor could it be fairly construed—to finally adjudicate an issue neither pled nor proved in the case. We wonder what the 1947 trial court would have done had it been specifically asked to declare the "heirs" of Mrs. Lambert at that time—32 years in advance of her death. It therefore does not logically follow that sections 71 and 72 confer any permanent legal status other than that transitory protective status afforded relative to the oil and gas lease. *Atchison v. Dietrich*, Okl., 315 P.2d 265 (1957); *Whitten v. Whitten*, 203 Okl. 196, 219 P.2d 228 (1950). It is, during the tenant's life, both factually and legally impossible to adjudicate this issue.

II

We also hold Husband and Son are the sole and only heirs of Josephine Lambert under the terms of the 1932 conveyance and as defined by the law of descent and distribution. The deed provided that on Decedent's death the remainder "[was] to go to her near heirs." In Oklahoma heirs are determined by referring to the provisions of 84 O.S.1981 § 213, which provides in pertinent part:

"If the decedent leave a surviving husband or wife, and only one child ... [then distribution shall be] in equal shares to the surviving husband ... and child ...."

See *Wright v. Saltmarsh*, 174 Okl. 226, 50 P.2d 694 (1935); *In Re McDade's Estate*, 95 Okl. 120, 218 P. 532 (1923).

Judgment of the trial court is reversed in both instances. Husband and Son's motion to distribute is ordered reinstated; the estate is to be distributed in accordance with the views expressed herein and the petition to distribute filed by collateral heirs is dismissed. Costs of appeal taxed against appellees.

BACON, P.J., and MEANS, J., concur.